HENRY FRANK, RESPONDENT, v. SECURITY INSURANCE COMPANY, APPELLANT.

Submitted March 18, 1926—Decided May 17, 1926.

1. The alleged trial errors in this case examined. There are no legal errors either in the rulings, in the charge, or in the refusal to charge the defendant's request by the trial court.
2. The exact ruling of the court complained of, the specific testimony which it is alleged was illegally admitted or rejected over objection should be pointed out in the grounds of appeal, and where in the record such ruling may be found.
3. The contested questions of fact were all properly left to the jury to be determined. It was not error to refuse to nonsuit the plaintiff, or direct a verdict in favor of the defendant, in a suit based upon a fire insurance policy.

---

On appeal from the Supreme Court.

For the appellant, *Joseph T. Lieblich.*

For the respondent, *Haines & Chanalis.*

The opinion of the court was delivered by

BLACK, J. The trial of this case resulted in a verdict for the plaintiff for $1,600.

The suit was brought on a fire insurance policy dated June 29th, 1920. The fire occurred July 1st, 1923.

The policy covered the plaintiff's household furniture, wearing apparel and similar effects. These were located in the attic of a building occupied as a store and dwelling, No. 714 East Jersey street, Elizabeth, New Jersey. The defendant appeals and files ten grounds of appeal with thirteen separate subdivisions. They all refer to trial errors. They are all without legal merit. There was no error in the admission of testimony. None in the charge or a refusal to charge the defendant's fifth or ninth requests to charge, or in the refusal by the trial court to nonsuit the plaintiff, or direct a verdict in favor of the defendant. It ought not to be necessary to reiterate that the first five grounds of appeal are faulty, under the cases of *Cheshansky* v. *Merchants' Fire Insurance Co., ante, p.* 414; *Kanouse* v. *Donatonia*, 94 *N. J. L.* 516. The exact ruling .of the court complained of, the specific testimony which is alleged was illegally admitted or rejected over objection should be pointed out in the grounds of appeal, and where in the record such ruling may be found.

The facts are reviewed, clearly and accurately summarized by the trial judge in the charge to the jury, leaving all contested questions of fact to the jury to be determined, such as waiver and the like. This was proper and not error under the case of *Cheshansky* v. *Merchants' Fire Insurance Co., supra.*

A short statement of the facts shows the defense was without merit, except as to the estimation of damages. The appeal is also without merit.

The plaintiff testified that he informed the local agent, James O'Connell, through whom he had taken out the policy the day after the fire occurred. He also testified that he, on the same day, retained the Selvage Company, insurance adjusters, to represent him to adjust the fire loss. Mr. Irving L. Selvage, of that firm, testified that as soon as he was retained, *i. e.,* the day after the fire, he made an inventory of the property damaged. The time that passed between the date of the fire and the inventory was two or three days.

The fire, as stated, was on July 1st, 1923. The company did not demand the magistrate's certificate called for by the policy until August 20th, 1923. Proof of loss was dated July 18th, 1923.

The trial judge charged that all of the nine requests made by the defendant, except the fifth, which was substantially covered by the charge, and the seventh and ninth. The refusal to charge the seventh is not alleged as a ground of appeal, nor is it argued, and is, therefore, abandoned. The refusal to charge the ninth was proper and not error.

The trial judge, under the testimony, left to the jury, as above stated, waiver as a question of fact. Whether written notice was or was not given? Whether an inventory was made? Whether within sixty days from the date of the fire the company was informed by signing and swearing to the amount of damages to the property and the cash value? The authority of a Mr. Williams to receive the proof of the claim; the waiver of the magistrate's certificate; appraisement by two competent and disinterested appraisers. The *Exhibits P-3* to *P-18* are, for the most part, letters passing between the defendant's attorney, Joseph T. Lieblich, and the Selvage Company representing the plaintiff. *P-19,* entitled Frank Loss, is an itemized statement of the loss. The defendant called two witnesses, Samuel Van Poznak and Leo Goldberger, who went to the premises some three months after the fire and estimated the loss at $289.50.

The trial judge charged: "Now, if you are satisfied that the plaintiff has proved, by the greater weight of the evidence, that he is entitled to your judgment, and that he has carried out the terms of this policy as I have indicated them, of course, your judgment will be for the plaintiff. He insists his loss was $2,000."

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.   12.

*For reversal*—None.